**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Lindsey Aileen Dickerson, Debtor**                    **Case No. 26-02000-JAW**
                                                                                      **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran U.S. Courthouse, 501 E. Court Street, Suite 2.300, Jackson, MS 39201, on or before September 21, 2026. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on September 29, 2026 at 10:00 AM in the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, MS 39201, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: July 29, 2026                              /s/ Thomas C. Rollins, Jr.
                                                          *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

MSSB-113 (12/17)

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Lindsey Aileen Dickerson** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: | | |
| (If known) | | |

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

---

| Part 1: | Notices |
|---|---|

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$269.09**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **UMMC**
> **2500 N State St**
> **Jackson MS 39206-0000**

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor  **Lindsey Aileen Dickerson**  Case number

Joint Debtor shall pay _____ ( ☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____

_____

_____

**2.3**  **Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

_____

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1**  **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2**  **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**  **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**  **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**  **Surrender of collateral.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Conn's HomePlus | PMSI Appliance |
| Keesler FCU | 2015 Ford F150 153000 miles |
| Keesler FCU | 2016 Toyota Corolla 160000 miles |
| Tower Loan | Household Goods |

*Insert additional claims as needed.*

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

| Debtor | **Lindsey Aileen Dickerson** | Case number | |

---

**Treatment of Fees and Priority Claims**

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: **4,600.00**

| | |
|---|---|
| Total attorney fee charged: | $**4,600.00** |
| Attorney fee previously paid: | $**272.00** |
| Attorney fee to be paid in plan per confirmation order: | $**4,328.00** |

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5: Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ **100.00** % of the total amount of these claims, an estimated payment of $ **27,154.76**
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| Mohela | **Student Loans - long-term debt.** | $79,896.00 | **Debtor to pay direct pursuant to contract in place with student loan provider.** |

*Insert additional claims as needed.*

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor   **Lindsey Aileen Dickerson**                    Case number _____

---

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1**      **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

        ☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

| Part 7: | Vesting of Property of the Estate |
|---|---|

 **7.1**      **Property of the estate will vest in the debtor(s) upon entry of discharge.**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1**      **Check "None" or List Nonstandard Plan Provisions**
        ☑      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures: |
|---|---|

**9.1**      **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Lindsey Aileen Dickerson**         X _____
    **Lindsey Aileen Dickerson**            Signature of Debtor 2
    Signature of Debtor 1

    Executed on    **July 24, 2026**          Executed on _____

    **701 Hudson Dr**
    Address                                    Address
    **Utica MS 39175-0000**
    City, State, and Zip Code                  City, State, and Zip Code

    Telephone Number                         Telephone Number

X   **/s/ Thomas C. Rollins, Jr.**           Date   **July 24, 2026**
    **Thomas C. Rollins, Jr. 103469**
    Signature of Attorney for Debtor(s)
    **P.O. Box 13767**
    **Jackson, MS 39236**
    Address, City, State, and Zip Code
    **601-500-5533**                            **103469 MS**
    Telephone Number                        MS Bar Number
    **trollins@therollinsfirm.com**
    Email Address

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

<u>**CERTIFICATE OF SERVICE**</u>

   I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

   Case Trustee
   Office of the US Trustee

   I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: July 29, 2026          /s/ Thomas C. Rollins, Jr.
                 *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533